IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ANITA BELCHER MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.:  16-CV-451-KEW |
| | )   (Seminole County District Court |
| 1) NORTH STAR MUTUAL INSURANCE | )    Case No.: CJ-2016-42) |
|    COMPANY, a Pennsylvania corporation | ) |
|    [SIC], and | ) |
| | ) |
| 2) MERIDIAN CLAIMS SERVICE, LLC, | ) |
|    an Oklahoma limited liability company, | ) |
| | ) |
| Defendants | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and 1446, the Defendant, North Star Mutual Insurance Company ("North Star"), hereby removes the state court action, *Anita Belcher Myers v. North Star Mutual Insurance Company, et seq.*, Case No. CJ-2016-42, from the District Court in and for Seminole County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a copy of the State Court docket sheet, as well as all documents filed or served in the State Court action are attached hereto as **EXHIBITS 1-6**.

The basis of this removal is that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, and that – disregarding the fraudulently joined Defendant Meridian Claims Service, L.L.C. ("Meridian Claims") – complete diversity exists. In further support, North Star submits the following.

**PERTINENT PROCEDURAL BACKGROUND**

1. Plaintiff commenced this action in the District Court of Seminole County, State of Oklahoma (Case No. CJ-2016-42), on or about March 31, 2016. (*See generally*, Petition, **EXHIBIT 2**.)

2. Plaintiff served North Star, through the Oklahoma Insurance Commissioner, with the Summons and Petition on or about September 30, 2016. (*See* Return of Service Documents, **EXHIBIT 7**.)

3. North Star received the Summons and Petition from the Oklahoma Insurance Commissioner on or about October 3, 2016.

4. Upon information and belief, the fraudulently joined Defendant, Meridian Claims, was served with this lawsuit on or about September 29, 2016. (*See* Return of Service Documents, **EXHIBIT 4**.)

**THE AMOUNT IN CONTROVERSY**

5. The Tenth Circuit has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942). As disclosed by the pleadings, Plaintiff is seeking in excess of $75,000.00.

6. Specifically, Plaintiff's Petition prays for "actual damages in excess of $75,000.00 for each act, plus punitive damages, all totaling greater than $75,000.00." (Petition, "Prayer", **EXHIBIT 2**.)

7. Based on the foregoing, the amount in controversy requirement of § 1332 is met.

## THE CITIZENSHIP OF THE PARTIES

8. According to Plaintiff's Petition, at the time of filing and all pertinent times, she was a resident of the State of Oklahoma. (*See* Petition, ¶ 4, **EXHIBIT 2**.) Therefore, upon information and belief, Plaintiff is a citizen of the State of Oklahoma.

9. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business. *See* 28 U.S. 1332(c). While Congress did not define "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

10. Plaintiff's Petition asserts North Star is a Pennsylvania corporation. However, North Star was formed under the laws of the State of Minnesota with its principal place of business or "nerve center" in Minnesota. (*See* NAIC Company Search Look-UP for North Star Mutual Insurance Company, **EXHIBIT 8**.) Therefore, for purposes of diversity jurisdiction, North Star is deemed to be a citizen of the State of Minnesota.

11. Finally, this Circuit has stated that for purposes of diversity jurisdiction, a limited liability company takes the citizenship of all its members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015).

12. Plaintiff's Petition alleges that Meridian Claims is an Oklahoma limited liability company. Upon information and belief, Meridian Claims' sole members are Eddie Briscoe and Sharon Briscoe. Upon information and belief, Mr. and Mrs. Briscoe are citizens of the State of Oklahoma. Under *Siloam Springs*, Meridian Claims is deemed to be a citizen of the State of Oklahoma. However, North Star asserts that Meridian Claims was fraudulently joined for the

3

purpose of defeating diversity jurisdiction. Therefore, the citizenship of Meridian Claims can be disregarded.

13. Disregarding the fraudulently joined Defendant, Meridian Claims, the complete diversity requirement of § 1332 is met.

### NORTH STAR'S REMOVAL IS TIMELY AND PROPER

14. Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed with this Court. Thirty days have not elapsed since North Star was served with the Summons and Petition. (*See* Correspondence from the Oklahoma Department of Insurance, dated September 30, 2016, **EXHIBIT 7**; Summons and Petition, date stamped by the Oklahoma Department of Insurance, Legal Department on September 30, 2016, **EXHIBIT 7**.) Additionally, one year has not elapsed since the commencement of this action. (*See generally,* Petition, **EXHIBIT 2**.)

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on counsel for Plaintiff, the adverse party. Additionally, a copy of this Notice will be filed with the Clerk of the District Court in and for Seminole County, State of Oklahoma.

16. Title 28 U.S.C. § 1446(a) states that the defendant shall file the Notice of Removal in "[t]he District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). The Eastern District of Oklahoma includes the District Court in and for Seminole County, State of Oklahoma. 28 U.S.C. 116(b). Therefore, the removal to this Court is proper.

17. Finally, § 1446 generally requires that all defendants in multi-defendant cases join in the petition for removal or consent to such action. There are, however, exceptions to this rule. *See McCurtain Cnty. Prod. Corp. v. Cowett*, 482 F.Supp. 809, 812 (E.D. Okla. 1978). "An improperly joined party is not required to join in the removal petition." *Id.* at 813; *see also Sycamore*

4

*Family LLC v. Earthgrains Bakery Companies, Inc.*, No. 2:13-CV-00639-EN, 2013 WL 5883868, at *2 & n. 21 (D. Utah Nov. 1, 2013) (collecting cases). Meridian Claims, an improperly joined party, does not need to join or consent to this Removal.

### MERIDIAN CLAIMS WAS FRAUDULENTLY JOINED TO DESTROY DIVERSITY

#### THE FRAUDULENT JOINDER STANDARD

Any Defendant who has been improperly or fraudulently joined must be ignored for diversity purposes. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Despite the nomenclature, fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006). The reason for this doctrine is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant, who should not be a party, and to the diverse defendant, whose statutory right is unjustly prohibited. *Wilson v. Republic Iron & Steel*, 257 U.S. 92, 98, 42 S. Ct. 35, 37-38, 66 L. Ed. 144 (1921).

As the removing party, a defendant bears the burden of establishing that jurisdiction is proper. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Assuming that the requisite amount in controversy can be satisfied, a removing defendant does not have to show that the plaintiff committed outright "fraud" in pleading the jurisdictional facts. Rather, the removing defendant can simply show that there is no real possibility of recovery against the non-diverse defendant. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 & n. 3 (5th Cir. 1992).

In *Slover v. The Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272 (N.D.Okla. 2006), the court discussed the protocol for situations in which a defendant believes that non-diverse co-defendants have been improperly joined:

> Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F.Supp.2d 1108, 1113 (D.Colo. 2000). Thus, the Court may consider certain underlying facts--such as the insurance policy at issue here--to determine whether the non-diverse parties are proper. *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir.1967) ("[U]pon specific allegations of fraudulent joiner the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (Internal citations omitted). The standard, however, is stringent, and the Court must resolve any ambiguities in Plaintiffs' favor. *Martin*, 251 F.3d at 1289-90 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

*Id.* at 1276. The Northern District of Oklahoma went on to say:

> "If outright fraud in the pleading of jurisdictional facts cannot be proven, **the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which relief may be granted** under Fed.R.Civ.P. 12(b)(6). *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989); *Fine v. Braniff Airways, Inc.*, 302 F.Supp. 496, 497 (W.D.Okla. 1969).

*Id.* at 1278-1279 (emphasis added). The *Slover* court concluded by making the succinct but meaningful observation that, "if the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant . . . such defendant shall be considered fraudulently joined." *Id.* at 1279.

6

<u>ARGUMENTS AND AUTHORITIES</u>

### PROPOSITION I: PLAINTIFF DID NOT PLEAD HER MISREPRESENTATION CLAIM WITH PARTICULARITY.

As a starting point, it must be recognized that Oklahoma has not recognized an intentional misrepresentation cause of action separate from an action based on fraud. *Dobbs v. Wyeth Pharmaceuticals*, 848 F.Supp.2d 1335, 1339 (W.D. Okla. 2012); *Nichols v. Pray, Walker, Jackman, Williamson & Marler, P.C.*, 144 P.3d 907, 912 (Okla. Civ. App. 2006).

Under Oklahoma's Pleading Code, a plaintiff asserting a cause of action for fraud, must plead her claim with particularity. Title 12 O.S. § 2009(B) states:

> B. FRAUD, MISTAKE, CONDITION OF THE MIND. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

"Section 2009(B) 'requires specification of the *time, place and content* of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." *Estrada v. Kriz*, 345 P.3d 403, 407 (Okla Civ. App. 2015) (quoting *Gianfillippo v. Northland Cas. Co.*, 861 P.2d 308 (Okla. 1993)) (emphasis in original). "'[T]he particularity requirement extends to all averments of fraud, regardless of the theory of legal duty – statutory, tort, contract or fiduciary.'" *Id.* (quoting *Gay v. Akin*, 766 P.2d 985 (Okla. 1988)) (modification in original).

Here, Plaintiff generically states that Meridian Claims – through Wes Buell, the assigned adjuster – "presented itself on two (2) separate occasions to Myers as an independent adjuster, to which Myers relied and depended on their adjustment and assurance." (Petition, ¶ 17, EXHIBIT 2.)

Plaintiff later alleges that Meridian Claims is liable for intentional or negligent misrepresentation because:

> [E]ssentially, Meridian [Claims] did not inform Myers that it was not independent and that its goal and objective of the investigation was twofold[:] a) assure North Star paid little to no money on the claim; and b) to facilitate its own financial gain by assuring it retained its contract with North Star, and did so by returning a result that was favorable to North Star and detrimental to Myers.
>
> \*     \*     \*
>
> [E]ssentially, Meridian did not inform Myers of its bias and its intentions to garner financial gain at Myers expense by conducting a results oriented investigation and wherein, Meridian was vested in the outcome of the investigation in order to retain repeat business from North Star. All of these actions were to the detriment of Myers with North Star and Meridian's financial interest placed above Myers' interest, in being placed in a pre-loss condition as called for by the policy, ultimately resulting in extensive and continuing damages to Myers.

(Petition, ¶¶ 40 & 42, **EXHIBIT 2**.)

In other words, Plaintiff asserts Meridian Claims is liable for misrepresentation because <u>she believes</u> that Meridian Claims intended to assist North Star in committing the alleged acts of bad faith and this should have disclosed this to her. Not only are these allegations absurd, but they also do not comply with the pleading requirements of § 2009. Plaintiff provides no indication as to when Meridian Claims made the allegedly false statements to her. Plaintiff provides no indication as to where the allegedly false statements were made. Plaintiff provides no indication regarding the content of the allegedly false statement. Plaintiff does not allege any facts creating a "duty to disclose." Instead, Plaintiff makes absurd and self-serving allegations regarding Meridian Claims' purported intent. Plaintiff's inability to comply with § 2009(B)'s particularity requirement demonstrates that Plaintiff fraudulently joined Meridian Claims to destroy diversity jurisdiction.

**PROPOSITION II:   PLAINTIFF'S CLAIM AGAINST MERIDIAN CLAIMS FOR INTENTIONAL MISREPRESENTATION FAILS AS A MATTER OF LAW.**

To prevail on a claim for intentional misrepresentation, *i.e.,* fraud, "a plaintiff must establish that the defendant knowingly made a false material representation, or made a representation recklessly without any knowledge of its truth; plaintiff must also establish the defendant made the representation with the intent that the plaintiff should act on it, that the plaintiff acted in reliance on the representation, and that she thereby suffered injury." *Dobbs*, 848 F.Supp.2d at 1339 (citing *D&H Co. v. Shultz*, 579 P.2d 824 (Okla. 1978); *P.E.A.C.E. Corp. v. Okla. Nat. Gas Co.*, 568 P.2d 1273, 1277 (Okla. 1977)). "Absent a duty to speak, there can be no liability for silence." *Nichols*, 144 P.3d at 911; *Croslin v. Enerlex, Inc.*, 308 P.3d 1041, 1046 (Okla. 2013); *Clinesmith v. Harrell*, 992 P.2d 926, 927 (Okla Civ. App. 1999) ("Silence may constitute a misrepresentation sufficient to support a claim of fraud only where there is a failure to disclose a material fact *by one having a duty to disclose* and who remained silent to that party's benefit and to the determinant of the other party." (emphasis in original)). In the present case, Plaintiff cannot establish a single element to support a claim for intentional misrepresentation, *i.e.* fraud.

1.  *Plaintiff has not alleged Meridian Claims made a false material representation.*

As discussed above, Plaintiff's Petition does not comply with the pleading requirements of § 2009(B). As such, North Star can only infer the purported material representation. From the allegations in her Petition, it appears Plaintiff's claims against Meridian Claims hinge upon the term "independent adjuster." Plaintiff suggests that by referring to itself as an "independent adjuster," Meridian Claims misrepresented the truth. More specifically, Plaintiff alleges that "[e]ssentially, Meridian [Claims] did not inform [Plaintiff] that it was not *independent* . . . ." (*See* Petition, ¶ 40, Exhibit 2 (emphasis added).)

9

However, under Oklahoma law, the term "independent adjuster" is a statutorily defined term. By statute, "independent adjuster" means "any insurance adjuster that suggests or presents to the insurance industry and the public that said adjuster acts as an adjuster for a fee or other compensation." *See* 36 O.S. § 6202(3)(a). Thus, by referring to itself as an "independent adjuster," Meridian Claims neither withheld information nor provided Plaintiff with false information. (*See* NAIC Licensee Lookup for Meridian Claims, **Exhibit 8**.) By referring to itself as an "independent adjuster," Meridian Claims informed Plaintiff that it represented North Star in the investigation of her claim and was being compensated for its service. For this reason alone, Plaintiff's claim for intentional misrepresentation fails as a matter of law.

2. *Plaintiff cannot demonstrate that she acted in reliance on Meridian Claims alleged misrepresentations.*

Assuming, Plaintiff could establish that by referring to itself as an "independent adjuster," Meridian Claims intentionally misrepresented a material fact, Plaintiff has not provided any allegations demonstrating she acted in reliance on said representation. Instead, Plaintiff vaguely alleges that she relied upon and acted upon Meridian Claims purported misrepresentations (*i.e.* Plaintiff regurgitated the elements of a fraud claim without supporting factual allegations). (*See* Petition, ¶¶ 41 & 43, **Exhibit 2**.) As shown below, Plaintiff did not provide any factual allegations to support these claims because none exists.

First and foremost, Plaintiff's Petition admits that Meridian Claims was retained by North Star to assist in the investigation and evaluation of her claim. (*See* Petition, ¶ 15, **Exhibit 2**.) In other words, Plaintiff acknowledges that she did not have a contractual relationship with Meridian Claims. Further, *Trinity Baptist Church v. Brotherhood Mutual Insurance Company*, 341 P.3d 75 (Okla. 2014), discussed in detail below, makes it clear that no relationship exists between Plaintiff and Meridian Claims that would create a legal duty toward Plaintiff.

Next, Plaintiff's Petition acknowledges that Meridian Claims was not retained until <u>after</u> she submitted her claim to North Star. (*See* Petition, ¶ 15, EXHIBIT **2**.) In other words, Plaintiff admits that she did not delay or refrain from submitted her claim to North Star based upon any representations Meridian Claims made to her. Plaintiff does not allege that she withdrew her claim based upon Meridian Claims' representations. (*See generally,* Petition, EXHIBIT **2**.) Plaintiff does not allege she delayed/failed to provide pertinent information to North Star based upon Meridian Claims' representations to her. (*See generally*, Petition, EXHIBIT **2**.)

Finally, Plaintiff was represented by InsuranceBusters.net – a Texas based public adjusting firm that this Court undoubtedly is familiar with – throughout the evaluation of her claim. Thus, regardless of what Plaintiff claims she was told by Meridian Claims, Plaintiff had a licensed public adjuster to guide and assist her throughout the claim process. (*See* Notice to Insurance Company, EXHIBIT **9**.)

3.   *Plaintiff cannot demonstrate she was injured by her alleged reliance.*

Finally, assuming Plaintiff miraculously establishes that (1) Meridian intentionally misrepresented a material fact to her and (2) she relied upon said misrepresentation, Plaintiff cannot establish she was injured by her alleged reliance on that misrepresentation. As discussed below, North Star has a non-delegable duty of good faith. Accordingly, if Meridian Claims failed to adequately perform its function as the adjuster on the claim, North Star is liable to Plaintiff, not Meridian Claims. *See Wathor v. Mutual Assurance Administrators, Inc.*, 87 P.3d 559 (Okla. 2004). Therefore, Oklahoma law does not allow Plaintiff to assert a cause of action against Meridian Claim for the alleged underpayment of her claim.

### PROPOSITION III: PLAINTIFF CANNOT ASSERT A VALID CLAIM FOR NEGLIGENT MISREPRESENTATION AGAINST MERIDIAN CLAIMS.

Plaintiff's claim for "negligent misrepresentation" against Meridian Claims is simply another way of stating a negligence claim against Meridian Claims. *See Bankers Trust Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2005) (citing *Mason v. State ex rel. Bd. of Regents of the Univ. of Okla.*, 23 P.3d 964, 969 (Okla. Civ. App. 2001)). In *Silver v. Slusher*, 770 P. 2d 878 (Okla. 1988), the Oklahoma Supreme Court stated that although "constructive fraud [*i.e.,* negligent misrepresentation] need not involve intent to deceive and may be based on a negligent or innocent misrepresentation, **it requires a breach of some legal or equitable duty**. 15 O.S. 1981 § 59, *infra*; *Faulkenberry v. Kansas City Southern Ry. Co.*, Okl., 602 P.2d 203, 206 [1979]. *Accord Riley Hill Gen. Contr. v. Tandy Corp.*, 303 Or. 390, 737 P.2d 595, 604 [1987] and *Tatum v. Mid–Century Ins. Co.*, 730 S.W.2d 41, 43 [Tex.App.1987]." *Id.* at n. 11 (emphasis added).

With this in mind, in *Trinity Baptist Church*, the Oklahoma Supreme Court unequivocally concluded that an independent adjuster, hired by an insurer, owes no legal duty to the insured with regard to the investigation and evaluation of a claim. In *Trinity Baptist Church*, the insured filed a claim with its insurer for storm related damage to its property. The insurer hired an independent adjusting firm, Sooner Claims Services, Inc., to investigate the claim. Upon receipt of the independent adjuster's report, the insured began settlement negotiations with the insured. The insured eventually filed suit.

Much like the allegations in action, the insured alleged that the independent adjuster "intentionally, recklessly and maliciously adjusted [the Plaintiff's] loss with the intent of benefitting [the insured] . . . by way of minimizing the nature and extent of [the plaintiff's] weather related covered loss." (*See* First Amended Petition, ¶ 8, Oklahoma County Case No. CJ-2011-1157,

EXHIBIT 10.) The insured, like the Plaintiff in this case, further alleged that the independent adjuster "was motivated in this conduct by profit realized in its business dealings with [the insurer]" (*See* First Amended Petition, ¶ 8, Oklahoma County Case No. CJ-2011-1157, EXHIBIT 10.)

At the trial court level, the independent adjuster moved for summary judgment. The trial court granted the independent adjuster's motion in part. The trial court determined that the independent adjuster did not owe the insured a duty of good faith and fair dealing, but allowed the insured's claim of gross negligence to proceed. The parties, both of them, appealed.

On appeal, the Oklahoma Supreme Court held that the independent adjuster could not be held liable on the theory of bad faith. The Supreme Court then went a step further holding that an independent adjuster does not owe a duty of care to the insured. *Trinity Baptist Church*, 341 P.3d at 86-87. The Supreme Court provided a litany of legal and policy reasons to explain its holding. The Supreme Court noted that "[a] legal duty is an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." *Id.* at 82-83 (citing *Iglehard v. Bd. of County Com'rs of Rogers County*, 60 P.3d 497, n. 17 (Okla. 2002)). Said differently, "the essential question is whether the plaintiff's interests are entitled to protection against the defendant's conduct." *Id.* at 83 (citing *Morales v. City of Okla. City ex rel Okla. City Police Dept.*, 230 P.3d 869 (Okla. 2010); *Wofford v. Eastern State Hosp.*, 795 P.2d 516 (Okla. 1990)).

Quoting an unreported ruling entered by the Honorable Joe Heaton of the United States District Court for the Western District of Oklahoma, the Oklahoma Supreme Court continued stating:

> The *Wallace* court correctly noted that different circumstances apply where insurance adjusters are concerned, stating:

> [i]n the context of an insurance claim, it is "[t]he insurer [that] contractually controls the responsibilities of its adjuster and retains the ultimate power to deny coverage or pay a claim. Subjecting adjuster to potential rot liability from insured could create conflicting loyalties with respect to the adjusters' contractual obligations, given that insured and insurers often disagree on the extent of coverage or the amount of damages." *Hamill v. Pawtucket Mut. Ins. Co.*, [179 Vt. 250],892 A.2d 226, 257 [231] (Vt. 2005) (internal citations omitted).

> \*          \*          \*

> **Put more succinctly, " '[c]reating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follows the instructions of its client, the insurer.'"**

*Id.* at 85 (quoting *Wallace v. Allstate Ins. Co.*, Western District Case No. CIV-12-0310-HE, 2012 WL 2060664, at *2 (W.D. Okla. 2014)) (alteration in original) (emphasis added).

The Supreme Court then went on to recognize that in *Wathor v. Mutual Assurance Administrators, Inc.*, 87 P.3d 559 (Okla. 2004), it held:

> [a]n insurer has a non-delegable duty of good faith while performing the functions of claims management, adjustment and settlement. This duty requires the insurer to take positive steps to adequately investigate, evaluate, and respond to its insureds' claims. An insurer may employ an agent or an independent contractor to perform these functions, but this does not absolve the insurer of its own non-delegable duty. **If the agent or independent contractor fails to adequately perform the functions, the insurer is liable, not under the doctrine of respondeat superior, but because of its own failure to comply with its non-delegable duty of good faith.**

*Id.* at 86 (quoting *Wathor*, 2004 OK 2, n. 6, 87 P.3d 559) (emphasis in original); *See also Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907 (Okla. 1982) (acts of agents may be material to a determination of the existence of a breach of an insurer's duty of good faith and fair dealing).

Further still, the Supreme Court recognized:

> The existence of a separate legal duty on the part of the adjuster in these circumstances would allow for potential double recovery, permitting the insured to recover in tort both for breach of contract or breach of the duty of good faith and fair dealing by the insurer—caused by an adjusters negligent conduct—and from the adjuster for the same conduct. In the words of the Supreme Court of Vermont in *Hamill*: "in most cases, imposing tort liability on independent adjusters would create a redundancy unjustified by the inevitable costs that eventually would be passed on to insureds." 2005 VT 133, ¶ 14, 892 A.2d 226 (citing *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal.App.4th 249, 84 Cal.Rptr.2d 799, 802–03 (1999)).

*Id.* at 86.

Finally, the Oklahoma Supreme Court concluded that the insured could not state a valid cause of action against the independent adjuster because: "1) [it] was not subject to the implied covenant of good faith and fair dealing arising from the insurance contract between [the insured] and [the insurer]; and 2) owned [the insured] no legal duty that would allow [the insured to recover in tort for any negligence in [the independent adjuster's] investigation and adjustment of the claim." *Id.* at 87.

Therefore, regardless of what creative title Plaintiff places on her causes of action against Meridian Claims, Plaintiff cannot avoid the Supreme Court's holding in *Trinity Baptist Church*. In fact, Plaintiff's repeated allegations that Meridian Claims owed her a legal duty during the investigation and evaluation of her claim verges on warranting sanctions under 12 O.S. § 2011.[1]

---

[1] *Trinity Baptist Church* was brought to Plaintiff's counsel's attention more than a year ago by Meridian Claims in another lawsuit filed in the District Court in and for Seminole County, State of Oklahoma. Said lawsuit was later removed to this Court. *See generally*, *Plumee v. Markel Am. Ins. Co.*, Eastern District of Oklahoma Case No. 6:15-cv-00364-SPS. In that case, the plaintiff asserted that Meridian Claims had a duty and responsibility to inspect and conduct a complete and thorough investigation, free from a result-oriented outcome to the Plaintiff's detriment. Meridian Claims moved to dismiss the plaintiff's claims on the grounds that *Trinity Baptist Church* established that it owed no duty to the insured. Shortly after the filing of that Motion, the plaintiff dismissed his claim against Meridian Claims.

Simply stated, Plaintiff's dispute, meritorious or not, is with North Star. She named Meridian Claims for the sole purpose of defeating diversity jurisdiction.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant, North Star Mutual Insurance Company, submits that this matter should be removed to, and remain in, federal district court, and that Defendant Meridian Claims Service, L.L.C., should be dismissed.

Respectfully submitted,

s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
ATTORNEYS FOR DEFENDANT,
NORTH STAR MUTUAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ben Baker, Esquire

I hereby certify that on October 17, 2016, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

Ms. Kimberly Davis, Court Clerk
Seminole County Courthouse
120 South Wewoka Avenue
Post Office Box 130
Wewoka, Oklahoma 74884

s/ Erin J. Rooney
For the Firm
