# EXHIBIT 2

IN THE DISTRICT COURT OF SEMINOLE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ANITA BELCHER MYERS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: CJ-2016- 42 |
| NORTH STAR MUTUAL INSURANCE COMPANY, a Pennsylvania corporation, and MERIDIAN CLAIMS SERVICE, LLC, an Oklahoma limited liability company, | ) |
| Defendants. | ) |

SEMINOLE COUNTY, OKLAHOMA
**FILED**
IN DISTRICT COURT

MAR 31 2016

KIM A. DAVIS, COURT CLERK
BY_____DEPUTY

## PETITION

COMES NOW Anita Belcher Myers (hereinafter "Myers"), and for her causes of action herein against the Defendants named above and complains of North Star Mutual Insurance Company (hereinafter "North Star") and Meridian Claims Service, LLC (hereinafter "Meridian"). In support of her claims and causes of action, Myers would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1. Myers invokes the State Court's jurisdiction with respect to claims based upon the common law and statutory law of Oklahoma.

2. This action seeks equitable and injunctive relief, compensatory and punitive damages in excess of $75,000.00, plus attorney fees and costs for the acts committed by the Defendants named herein.

3. All actions about which Myers complains occurred in the County of Seminole, State of Oklahoma, and therefore venue is proper.

4. That Myers was, at all times hereinafter mentioned, and is now a resident of the State of Oklahoma.

5. That the Defendant, North Star, is a Pennsylvania corporation and was, at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in the State of Oklahoma.

6. That the Defendant, Meridian, is an Oklahoma limited liability company and was, at all times hereinafter mentioned, and is now duly organized, existing and authorized to conduct business in the State of Oklahoma.

## BACKGROUND

7. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to Myers' Property, which is located at 11615 NS 3540 Road, Earlsboro, Oklahoma, 74840, (the "Property"). In addition to seeking economic and punitive damages from North Star, Myers also seeks compensation from North Star for damages caused by improperly investigating the extensive losses associated with this case.

8. Myers, along with her husband Joe Myers, owns the Property.

9. Prior to the occurrence in question, Myers purchased an insurance policy from North Star. The policy was purchased to cover the Property at issue, in this case, for losses due to storm-related events, including named perils for wind and hail.

10. The Property suffered incredible damages from a storm on or around March 31, 2015. Myers was objectively insured for the subject loss by North Star and therefore; she submitted the losses to North Star under Policy number F54371 and was subsequently assigned Claim No. 2924-15.

11. Pursuant to her obligation as a policyholder, Myers made complete payment of all residential insurance premiums in a timely fashion. Moreover, her residential policy covered Myers during the time period in question and was in full force and effect at the time of loss.

12. Despite Myers' efforts, North Star has, to date, continually failed and refused to pay Myers in accordance with its promises and obligations under the Policy.

13. Moreover, North Star failed to make any reasonable attempt to settle Myers' claim in a fair or timely manner, although its liability to Myers under the policy is without dispute.

14. In the months following, Myers provided information to North Star, as well as, provided opportunities for North Star to inspect the Property. However, North Star failed to conduct a fair and impartial investigation into the damage to the Property. Moreover, North Star failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Myers' claim.

15. North Star dispatched Meridian to act as adjuster for Myers' claim.

16. Meridian, once assigned the claim, made the decision to appoint Mr. Wes Buell to act as adjuster on Myers' claim.

17. Meridian, acting through Buell, presented itself on two (2) separate occasions to Myers as an independent adjuster, to which Myers relied and depended on their adjustment and assurances.

18. Meridian had a duty and responsibility to inspect and conduct a complete and thorough investigation, free from a result-oriented outcome to the Myers' detriment. Myers had a good faith expectation that her insurance claim would be adjusted properly and free from bias and predisposed results, by an independent adjuster as Meridian held itself out to be. Myers has suffered direct harm as a result of Meridian's intentional and egregious acts in investigating Myers' claim.

19. Despite North Star's and Meridian's improprieties, Myers continued to provide information regarding the loss and the related claim to both Defendants. Further, Myers made inquiries regarding the status of the losses, and payments. Regardless, North Star failed and refused to properly adjust the claim and the loss. As a result, as of the date of this filing, Myers has not received proper payment for her claim.

20. North Star has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. North Star has furthermore failed to offer Myers adequate compensation without any explanation as to why full payment was not being made. North Star did not communicate that any future settlements or payments would be forthcoming to pay the entire loss covered under the policy.

21. North Star has further failed to affirm or deny coverage within a reasonable time. Myers also did not receive timely indication of acceptance or rejection regarding the full and entire claim, in writing, from North Star in a timely manner.

22. North Star refused to fully compensate Myers under the terms of the policy for which Myers timely paid, even though it was North Star that failed to conduct a

reasonable investigation. Ultimately, North Star performed a results-oriented investigation of Myers' claim that resulted in an unfair, biased and inequitable evaluation of Myers' losses.

23. Additionally, Meridian, through self-motivation, deception and intentional acts, performed a results-oriented investigation of Myers' claim that resulted in an unfair, biased and inequitable evaluation of Myers' losses. This is due to Meridian's inclination to deny and underpay Myers' claim in order to continue to receive work from North Star.

24. North Star has failed to meet its obligations under the Oklahoma Fair Claims Protection Act, 36 O.S. § 1250.7, regarding timely acknowledging Myers' claim, beginning an investigation of Myers' claim, and requesting all information reasonably necessary to investigate Myers' claim within the time period mandated by statute.

25. As a result of the above issues, Myers did not receive the coverage for which she had originally contracted with North Star. Unfortunately, Myers has now been forced to hire an attorney in order to file this suit to recover damages arising from the above conduct, as well as, overall from North Star's unfair refusal to pay insurance benefits.

## CLAIMS AGAINST DEFENDANT NORTH STAR

26. Myers hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

27. North Star has and owes a legal duty to Myers to properly adjust the structural and property damage and other insurance losses associated with the Property. North

Star breached its duty in a number of ways, including, but not limited to, the following:

  a. North Star was to exercise due care in adjusting and paying policy proceeds regarding Myers' Property loss;
  b. North Star had a duty to competently and completely handle and pay all damages associated with Myers' Property; and/or
  c. North Star failed to properly complete all adjusting activities associated with Myers.

28. North Star's acts, omissions, and/or breaches did great damage to Myers and were a direct and/or proximate cause of Myers' damages.

## BREACH OF CONTRACT—NORTH STAR

29. Myers hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

30. According to the policy purchased by Myers, North Star had the absolute duty to investigate Myers' damages and to pay Myers' policy benefits for the claim made due to the extensive storm-related damage.

31. As a result of the storm-related event, Myers' Property suffered extreme external and/or internal damages.

32. Despite objective evidence of such damages, North Star has breached its contractual obligations under the subject insurance policy by failing to pay Myers benefits relating to the cost to properly repair Myers' Property, as well as, for related losses. As a result of this breach, Myers has suffered actual and consequential damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING—NORTH STAR

33. Myers hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

34. Myers is the insured or beneficiary of a valid claim. Myers relied upon the unauthorized, unfair and deceptive acts and practices of North Star, to her detriment.

35. In *Christian v. American Home Assur. Co.*, 577 P.2d 899, 1977 Okla. 141 (1977), the Supreme Court of Oklahoma first held an insurer has an implied duty to deal fairly and act in good faith with its insured. Christian's prodigy has continued to affirm an insurer's duty: including that of North Star to deal fairly and act in good faith with its insured, Myers.

36. By its intentional acts, omissions, failures and conduct, North Star has breached its duty of good faith and fair dealing by denying Myers' claim or inadequately adjusting and making an offer on Myers' claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial and by failing to consider the needs of its insured equal to its own needs.

37. North Star has also breached its duty by unreasonably delaying payment of Myers' entire claim and by failing to settle Myers' claim, as North Star knew, or should have known, that it was reasonably clear that Myers' storm-related claim was covered. These acts, omissions, failures, and conduct by North Star are a proximate cause of Myers' damages.

38. North Star is also guilty of the following unfair insurance practices:

    a. Failing to fully disclose to Myers the benefits, coverages, and other provisions of the insurance policy where the benefits and coverages are pertinent to the claim;
    b. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;
    c. Misrepresenting to Myers pertinent facts or policy provisions relating to the coverage at issue;
    d. Not attempting, in good faith, to effectuate a prompt, fair, and equitable settlement of Myers' claim, as to which North Star's liability had become reasonably clear;
    e. Failing to affirm or deny coverage of Myers' claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Myers;
    f. Refusing to pay Myers' claim without conducting a reasonable investigation with respect to the claim; and/or
    g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

33. North Star is also guilty of the following unfair claims settlement practices by the

    following conduct:

    a. Failed to, within forty-five (45) days after receipt of properly executed proofs of loss, advise Myers of the acceptance or denial of her claim or if further investigation is necessary.
    b. North Star failed to complete its investigation of Myers' claim within sixty (60) days after notification of proof of loss. Additionally, North Star failed to notify Myers if it needed more time to determine whether a claim should be accepted or denied. The investigation remains incomplete yet North Star has not provided Myers with a letter setting forth the reasons additional time is needed for investigation.
    c. North Star has continued and delayed negotiations for settlement of a claim directly with Myers and her public adjuster for a length of time which has caused her rights to be affected by the statute of limitations without giving her written notice that the time limit is expiring and may affect her rights. Myers did not receive notice thirty (30) days before the date on which such time limit may expire.

34. North Star's reckless disregard and violation of its duty of good faith and fair dealing is the direct cause of injury to Myers. Myers has suffered financial loss due to North Star not dealing in good faith. As a direct and proximate result of North Star's acts and conduct, Myers has been damaged in an amount in excess of $75,000.00.

## DAMAGES—NORTH STAR

35. North Star's acts have been the producing and/or proximate cause of damage to Myers. Myers seeks an amount in excess of $75,000.00 for each cause of action.

36. North Star has acted with malice and in bad faith and should be punished for the benefit of society and to make an example to others to deter similar conduct in an amount in excess of $75,000.00 pursuant to Oklahoma Statues 23 O.S. § 9.1.

## MISREPRESENTATION—MERIDIAN

39. Myers hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

40. Meridian is liable to Myers under the theories of intentional misrepresentation, or, in the alternative, negligent misrepresentation. Essentially, Meridian did not inform Myers that it was not independent and that its goal and objective of the investigation was twofold; a) assure North Star paid little to no money on the claim; and b) to facilitate its own financial gain by assuring it retained its contract with North Star, and did so by returning a result that was favorable to North Star and detrimental to Myers.

41. Misrepresentations were made by Meridian with the intention that they should be relied upon and acted upon by Myers who relied on these misrepresentations to

her detriment. As a result, Myers suffered damages, including, but not limited to, loss of the Property, mental anguish and attorney fees. Meridian and/or North Star are liable for these actual, consequential and punitive damages.

42. Meridian is liable to Myers under the theories of intentional misrepresentation, or, in the alternative, negligent misrepresentation. Essentially, Meridian did not inform Myers of its bias and its intentions to garner financial gain at Myers expense by conducting a results oriented investigation and wherein, Meridian was vested in the outcome of the investigation in order to retain repeat business from North Star. All of these actions were to the detriment of Myers with North Star and Meridian's financial interest placed above Myers' interest, in being placed in a pre-loss condition as called for by the policy, ultimately resulting in extensive and continuing damages to Myers.

43. Misrepresentations were made by Meridian with the intention that they should be relied upon and acted upon by Myers who then did rely on the misrepresentations to her detriment. As a result, Myers suffered damages, including, but not limited to, loss of the Property, loss of use of the Property, mental anguish and attorney fees. Meridian and/or North Star are liable for these actual, consequential and punitive damages.

## ATTORNEY FEES AND COST

44. In addition, Myers is entitled to all reasonable and necessary attorney fees and costs pursuant to all/one or more of the following Oklahoma Statutes: 36 O.S. §3629, 12 O.S. §§ 936, 929, 940, 942.

## CONCLUSION

45. Myers prays that judgment be entered against North Star, and that Myers be awarded all of the actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Petition.

## PRAYER

**WHEREFORE**, Myers prays for a ruling by the Court finding that North Star breached its contractual duty to pay for the losses incurred under the policy, acted in bad faith in breach of an insurance contract and became unjustly enriched, all at the expense of Myers. Myers further prays, this Honorable Court awards Myers actual damages in excess of $75,000.00 for each act, plus punitive damages, all totaling greater than $75,000.00. Myers also prays for a ruling by the Court finding Meridian is liable to Myers for intentional misrepresentation, or, in the alternative, negligent misrepresentation and liable for these actual, consequential and punitive damages resulting from its acts. Myers should be awarded reasonable attorney fees and costs of the action, plus such other and further relief as the Court may deem equitable in the circumstances.

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED

RESPECTFULLY SUBMITTED,

BEN BAKER, OBA #21475
109 North Second Street
Purcell, Oklahoma 73080
Telephone: (405) 527-8001
Facsimile: (405) 527-1539
Email: bendbaker@gmail.com
*ATTORNEY FOR PLAINTIFF, ANITA MYERS*